IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-313-FL

| | |
|---|---|
| MARTIN MARIETTA MATERIALS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ACE AMERICAN INSURANCE COMPANY, et al. | ) ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO AMEND
JUDGMENT TO AWARD DAMAGES AND INTEREST**

ACE American Insurance Company ("ACE") respectfully submits this memorandum in support of its motion under Federal Rule of Civil Procedure 59(e) to amend the judgment entered on July 15, 2025 (Dkt. 57). ACE's motion for summary judgment expressly sought reimbursement of $2.5 million, plus interest. The Court granted that motion, entered final judgment in ACE's favor, and closed the case. But the judgment itself does not state that Martin Marietta must pay ACE the $2.5 million or interest. This motion seeks to correct that omission.

**FACTS**

Martin Marietta was sued over injuries arising from a railcar accident. (Dkt. 56 at 5.) The primary policy issued by ACE to Martin Marietta contained a $3 million deductible, which Martin Marietta agreed to reimburse if ACE made any

payment under the policy. (*Id.* at 4-5.) ACE settled the underlying lawsuit for $2.5 million. (*Id.* at 7.) ACE then sought reimbursement from Martin Marietta, which refused to pay. (*Id.*)

Instead, on May 1, 2023, Martin Marietta brought this suit against ACE seeking to avoid its deductible obligation. (*Id.* at 2.) ACE filed an answer and counterclaim, alleging breach of contract and seeking reimbursement with interest. (*Id.*)

On October 29, 2024, ACE moved for summary judgment. (Dkt. 39.) In its supporting memorandum, ACE asked the Court to: (1) grant summary judgment in favor of ACE on each of Martin Marietta's claims; (2) enter summary judgment for ACE on its counterclaim for breach of contract; (3) award ACE $2.5 million in reimbursement; and (4) award interest at 1.5% monthly under the parties' collateral agreement. (Dkt. 40 at 7, 31.)

Martin Marietta opposed the motion, disputing that it owed ACE reimbursement for the settlement. (Dkt. 47.) But Martin Marietta but did not dispute ACE's right to recover 1.5% monthly interest on any unpaid amounts found to be owed. (*Id.*; Dkt. 48 at 3, ¶ 9.)

On July 15, 2025, the Court granted ACE's motion. (Dkt. 56.) The Court entered summary judgment against Martin Marietta on all claims and in favor of ACE on its counterclaim. (*Id.* at 11, 13, 14, 17.) The Court's order concluded by instructing the clerk to close the case. (*Id.* at 18.) The clerk then entered a judgment

in ACE's favor. (Dkt. 57.) But the judgment does not expressly award ACE monetary damages or interest.

ACE now moves to amend the judgment to correct that omission.

**ARGUMENT**

**I. The Court Should Amend the Judgment to Reflect the $2.5 Million Reimbursement Award.**

Federal Rule of Civil Procedure 59(e) permits a party to move to alter or amend a judgment within 28 days of its entry.

The Court's order made clear that Martin Marietta was required to reimburse ACE. The Court stated: "Plaintiff is not excused from reimbursing [ACE]." (Dkt. 56 at 14.) It further found that ACE "paid $2.5 million to settle the Eckerts' claims against [Martin Marietta] under the policy, and [Martin Marietta] has not reimbursed [ACE] for that payment. Therefore…[Martin Marietta] has breached the terms of the policy. Accordingly, [ACE is] entitled to summary judgment on [its] counterclaim." (*Id.* at 17.)

These findings leave no doubt that the Court intended to award ACE the $2.5 million it paid. Yet the judgment does not expressly direct Martin Marietta to reimburse ACE. To remove any ambiguity, the Court should amend the judgment to reflect its ruling and formally award ACE $2.5 million.

**II. The Court Should Amend the Judgment to Include Interest.**

ACE expressly sought an award of interest in its motion for summary judgment. (Dkt. 40 at 7, 31.) ACE asked that interest be awarded at a rate of 1.5%

per month pursuant to the parties' collateral agreement. (*Id.*) While the Court granted ACE's motion for summary judgment, the Court's order did not expressly award interest to ACE. Rule 59(e) is the appropriate vehicle to seek such relief. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989) (holding that Rule 59(e) applies to requests for interest omitted from a judgment).

ACE's request for contractual interest is not disputed. The parties' collateral agreement, submitted with ACE's motion, provides that Martin Marietta is liable for an "Interest Charge" at a rate of 1.5% per month on all unpaid amounts. (Dkt. 41-29 at 4.) In responding to ACE's motion for summary judgment, Martin Marietta did not dispute that it would owe 1.5% monthly interest under the collateral agreement on any unpaid amounts it owed to ACE. (Dkt. 48 at 3, ¶ 9.) Martin Marietta, therefore, has waived any challenge to ACE's request for such interest. *Palmieri v. Lynch*, 392 F.3d 73, 87 (2d Cir. 2003) (holding that plaintiff waived an argument by not raising it "in his opposition to summary judgment").

ACE therefore respectfully requests that the Court amend the judgment to award such interest. Per the calculation attached as Exhibit A, at the parties' contract rate of 1.5% per month, beginning on May 15, 2023 (15 days after Martin Marietta initiated this action seeking to avoid its deductible obligation), the amount of monthly interest due as of July 15, 2025 (the date the Court entered its judgment) is $1,181,773.84, resulting in a total amount due of $3,681,773.84. Further, ACE is entitled to recover post-judgment interest compounded at the parties' contract rate of 1.5% per month following entry of the Court's judgment,

4

which should also be included in the judgment. *Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group, Inc.*, 501 F. App'x 247, 254 (4th Cir. 2012) (district court erred by failing to award post-judgment interest at parties' agreed-upon contract rate).[1]

## CONCLUSION

ACE requested $2.5 million in reimbursement in its summary judgment motion. Since ACE prevailed on all of its claims, ACE respectfully requests that the Court amend its judgment to expressly order Martin Marietta to pay ACE that amount. In addition, because the Court did not address ACE's request for interest—and because the parties' collateral agreement expressly provides for a contractual interest rate, which Martin Marietta did not oppose—ACE further requests an award of pre- and post-judgment interest at 1.5% per month. As of the date of judgment, this amounts to $1,181,773.84 in interest, for a total recovery of $3,681,773.84. The judgment should therefore be amended to award ACE

---

[1] As stated above, in responding to ACE's motion for summary judgment, Martin Marietta did not dispute ACE's entitlement to interest at the parties' contract rate of 1.5% per month and thus waived any opposition to it. Nonetheless, ACE notes that even if, for some reason, the Court finds that ACE is not entitled to interest at the parties' agreed-upon rate, ACE would at least be entitled to prejudgment interest at the statutory rate of 8% per year under North Carolina law, which mandates interest from the date of breach. N.C. Gen. Stat. §§ 24-1, 24-5. See also *Jacobs v. Cent. Transp., Inc.*, 891 F. Supp. 1120, 1125 (E.D.N.C. 1995). Calculated as simple interest at 8% per annum, prorated by actual days/365, beginning May 1, 2023, the statutory interest due as of July 15, 2025, equals $441,643.84, making the total amount due $2,941,643.84. After July 15, 2025, ACE would be entitled to post-judgment interest at the federal statutory rate of 4.09% under 28 U.S.C. § 1961(a). See https://www.casb.uscourts.gov/post-judgment-interest-rates-2025. But, again, as indicated, ACE asserts that it is entitled to pre- and post-judgment interest compounding at the contract rate of 1.5% each month, rather than the lower statutory rates.

$3,681,773.84, as of July 15, 2025, with interest compounding at the rate of 1.5% per month thereafter until paid.

Dated: August 11, 2025.

Respectfully submitted,

BARNWELL WHALEY PATTERSON & HELMS, PLLC

*/s/ Christopher M. Hinnant*
Christopher M. Hinnant
N.C. State Bar No.: 24297
Margaret M. Harrington
N.C. State Bar No. 59933
720 N. Third Street, Suite 301
Wilmington, NC 28401
Telephone: (910) 679-1388
Facsimile: (910) 679-4663
Email: chinnant@barnwell-whaley.com
 mharrington@barnwell-whaley.com

-and-

WALKER WILCOX MATOUSEK LLP
Christopher A. Wadley
Illinois State Bar No. 6278651 (*pro hac vice*)
One N. Franklin Street, Suite 3200
Chicago, IL 60606
Telephone: (312) 244-6700
Facsimile: (312) 244-6800
Email: cwadley@walkerwilcox.com

*Attorneys for ACE American Insurance Company and ACE Property and Casualty Insurance Company*